UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CORY J. JONES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:03-cv-325-RLY-WGH |
| | ) | |
| BOARD OF TRUSTEES OF INDIANA | ) | |
| STATE UNIVERSITY and JEROME | ) | |
| CERNY, | ) | |
|     Defendants. | | |

**ENTRY ON DEFENDANT CERNY'S MOTION FOR SEPARATE TRIALS**

In an Amended Complaint filed on February 3, 2004, Cory Jones ("Jones") named Indiana State University ("ISU") as defendant for counts I-II and Dr. Jerome Cerny ("Cerny") as defendant for counts III-IX. On December 1, 2004, Cerny moved to sever claims I-II against ISU. The court, finding that the current joinder of claims is not prejudicial to Cerny and that the severance of claims would cause unnecessary expense and delay, **DENIES** Cerny's Motion for Separate Trials.

**I.     Background**

The following facts are alleged by plaintiff Cory Jones in his Amended Complaint:

Cerny, during times relevant to the claim, was a Professor of Psychology at ISU and accordingly, an employee of ISU. At the end of the fall semester of 1999, Cerny met Jones after being appointed as his supervisor. Soon after, Cerny began inquiring into

1

Jones's sex life. In the spring of 2002, Cerny again inquired into Jones's sex life and touched Jones inappropriately on several occasions. Subsequently, Cerny learned that Jones was facing possible disciplinary action for disrespecting another ISU professor and offered to assist Jones with that problem. In conjunction, Cerny convinced Jones to participate in one of his sexual experiments.[1] Cerny asked Jones to remove his pants and sit naked on a paper on a chair for the stated purpose of designing a new ergonomic chair.[2] Cerny drew an outline around Jones's legs, buttocks, and testicles.

On June 7, 2002, Cerny coerced Jones to engage in another sexual experiment; Cerny took Jones to his lab and asked him to disrobe. Cerny explained that the sexual experiment would be private and that Jones could use the intercom system if he became uncomfortable with the situation. Then, Cerny instructed Jones to attach a rubber band and wire to the base of his penis and to put a vibrator tube over the penis to complete a sexual experiment. While Jones was performing the instructed experiment, Cerny entered the room, touched Jones, and remained in the room for the duration of the experiment. In addition, Cerny made comments to Jones about his penis and testicles.

Prior to the incident with Jones, the ISU Board of Trustees ("the Board") had received several complaints from students about Cerny's sexual misconduct. According to Jones, the Board had actual knowledge of Cerny's sexual experiments with students as

---

[1] The court assumes from context that these sexual experiments were in some way related to Cerny's academic work.

[2] Jones did not specify the date upon which this event occurred.

early as 1997.

Jones alleges nine counts arising from these facts: Count I is an action against the Board under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 ("Title IX"). Count II is an action against the ISU Board of Trustees under Indiana state law for negligent retention, negligent supervision, negligence, and respondeat superior. The remaining counts III-IX are against Cerny for violation of 42 U.S.C. § 1983, assault and battery, negligence, false imprisonment, invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress.

## II.    Standard for Separate Trials

Federal Rule of Civil Procedure 42(b) states: "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or any separate issue . . . ." Fed. R. Civ. P. 42(b). Only one of these criteria need be satisfied for a court to order a separate trial. *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994). However, before ordering separate trials, the district court must be satisfied that separation will not unfairly prejudice the non-moving party. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999) (citing *Angelo v. Armstrong World Industries*, 11 F.3d 957, 964 (10th Cir.1993)). Furthermore, the court should weigh the cost to the parties and the judicial system of having to conduct two or more trials instead of one against the prejudice avoided by the moving party. *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1224 (7th Cir. 1995). This process of

weighing these gains against losses is committed to the discretion of the district judge. *Id.*

Other district courts within the Seventh Circuit have refused to sever claims when the alleged prejudicial evidence would probably be allowed in both trials. *McCleland v. Montgomery Ward & Co.*, 1995 WL 374185 at *2 (N.D. Ill. 1995). In *McCleland*, the Court held that "in light of the likelihood that each plaintiff would be able to testify in the other's trials . . . granting separate trials would result in a waste of judicial resources." *Id.*

### III.   Analysis

Cerny contends that evidence admissible in counts I-II against ISU would not be admissible against him in counts III-IX. Specifically, Cerny maintains that the following would normally be inadmissible to prove liability for counts III-IX: evidence of his prior alleged misconduct involving students from 1981-2001, investigative reports stemming from prior alleged misconduct, memoranda among department heads at ISU, and testimony of student witnesses in actions against Cerny from 1981-1998. According to Cerny, allowing this evidence to be considered in counts III-IX would be prejudicial, and to avoid such prejudice, the counts should be tried separately. The court disagrees. Given the limited amount of discovery completed, the court cannot conclude that evidence regarding Cerny's prior alleged misconduct is inadmissible. Further, the court cannot say that such evidence, if admissible, would be unduly prejudicial.

In the present case, the court finds it premature to consider whether evidence of Cerny's prior alleged misconduct and intra-organizational communications within ISU

would be admissible in counts III-IX. However, the court notes that under Federal Rules of Evidence 413 and 415, where a defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense of sexual assault is admissible and may be considered for its bearing on any matter to which it is relevant. Fed. R. Evid. 413, 415. Thus, the court has reason to believe that evidence regarding Cerny's past would be admissible to prove certain elements of the causes of action in counts III-IX.

Even if the evidence would be inadmissible for proof in counts III-IX if the counts were separated, the court cannot say that separate trials would be warranted in the present case. With respect to the criteria in Rule 42(b), separate trials would not further convenience or be "conducive to expedition and economy." The remaining criteria upon which trials could be separated is prejudice. Without a more thorough understanding of the evidence regarding Cerny's prior alleged misconduct, the court cannot say that it would be prejudicial. Moreover, the court cannot say that prejudice, if present, would outweigh the substantial costs to Jones and the judicial system of holding separate trials. For instance, if Jones must admit the testimony of the same witnesses and the same documents in two trials, both he and the court will incur unnecessary costs and duplication of effort. In his motion, Cerny suggested that most of these costs could be avoided by joining counts I-II with *Morse v. Board of Trustees of Indiana State University at Terre Haute*, Case Number 2:04-cv-00221-LGM-WGH. Since *Morse* was dismissed, the seemingly cost-effective joinder of counts I-II is no longer possible.

Lastly, the court finds that a limiting instruction and a motion in limine would be

5

an effective way to minimize prejudice in this case.

In sum, the court has reason to believe that the evidence upon which Cerny's motion is based might be admissible with respect to counts III-IX; separation based on prejudice would be hollow under those circumstances.  Even if keeping counts I-IX joined would result in the admission of evidence otherwise inadmissible for counts III-IX, the court cannot say that such evidence is unduly prejudicial.  Finally, even if the evidence were prejudicial, the court doubts that the prejudice would outweigh the burden placed upon the plaintiff and the judicial system.

### III.    Conclusion

For the foregoing reasons, the court **DENIES** Cerny's Motion for Separate Trials.


**SO ORDERED** this 21st  day of June 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana



Electronic Copies to:

Philip C. Eckert
ECKERT ECKERT & CRAVEN
pcelaw@eckertcraven.com

John F. Ittenbach

SHEEKS ITTENBACH JOHNSON TRETTIN & KOELLER
jfittenbach@sheeks-ittenbach.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com